UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
**BARRY D. IRVIS,**

                    **Plaintiff,**                  9:09-cv-543
                                                                          (GLS/ATB)

                    v.

**GREG SEALLY,** Sheriff, Greene County Sheriff's Office; **RICHARD HUSSY,** Former Sheriff, Greene County; **MICHAEL SPITZ,** Superintendent, Greene County Jail; **KENNETH LIESE,** Sgt., Greene County Jail; **EDWARD VOORHESE,** Sgt., Greene County Jail; **ED WARGA,** Sgt. and Grievance Coordinator at Greene County Jail; **DON RIVENBURG,** Former Sgt., Greene County Jail; **AARON BEO JENKINS,** former C.O., Greene County Jail; **HULBIKI,** Dr., Greene County Jail; **DONNA JULIANO,** Nurse, Greene County Jail; **ROBERT CUTTITA**, Correctional Facility Specialist #2; **DEBORAH CLARK,** Correction Review Specialist; and **CAROL D. STEVENS,** Attorney,

                    **Defendants.**
_____
**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Kevin Sheils
Pro Se
08-A-4424
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

**FOR THE DEFENDANTS:**
*County Defendants*
Goldberg, Segalla Law Firm
665 Main Street, Suite 400
8 Southwoods Boulevard
Suite 300
Albany, NY 12211

ALBERT J. D'AQUINO, ESQ.
JONATHAN M. BERNSTEIN, ESQ.
WILLIAM J. GREAGAN, ESQ.

*State Defendants*
HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
The Capitol
Albany, NY 12224

MEGAN M. BROWN
Assistant Attorney General

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Barry D. Irvis brings this action under 42 U.S.C. § 1983 regarding incidents that occurred during his incarceration at Greene County Jail. (Dkt. No. 1)  In a Report-Recommendation (R&R) filed September 2, 2010, Magistrate Judge Andrew T. Baxter recommended that defendants' motion to dismiss be granted and Irvis's complaint be dismissed.[1] (Dkt. No. 62.) Pending are Irvis's objections to the R&R. (Dkt.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

No. 64.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

## III. Discussion

### A. Harassment

The first three of Irvis's fourteen causes of action are based on incidents of inappropriate touching by defendant Beojakian that allegedly occurred during three strip searches. (*See* Compl. at 4-5, Dkt. No. 1.) In recommending the dismissal of these claims, Judge Baxter correctly observed that while "isolated episodes of harassment and touching," such as the three incidents alleged by Irvis, "are despicable and ... may

3

potentially be the basis of state tort actions ... they do not involve a harm of federal constitutional proportions." (R&R at 10-11, Dkt. No. 62 (quoting *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997)).) Other than generally objecting to this conclusion and highlighting the specific instances of alleged inappropriate touching already acknowledged and addressed in the R&R, Irvis fails to offer any sufficient basis to undermine Judge Baxter's findings or ultimate recommendation.[2] Accordingly, the court adopts the portion of the R&R recommending the dismissal of Irvis's first three causes of action.

Irvis's fourth cause of action is based on alleged racial slurs and threats made on August 25, 2007. Judge Baxter recommended dismissal of this claim because Irvis "did not assert, nor does the record support, any allegations of physical injury related to the verbal harassment, however

---

[2]Seemingly in an effort to avoid the conclusion that the alleged abuse was "isolated," Irvis's objections refer to being subjected to "months of abuse" and "7½ months of [abuse]." (Objections at 13, Dkt. No. 64.) However, as Judge Baxter highlighted, Irvis alleged only three specific instances of inappropriate touching occurring on February 2, 2007, June 8, 2007, and August 25, 2007. (*See* Compl. at 4-5, Dkt. No. 1.) While it may be that defendant Beojakian was not arrested until months after the incidents or Irvis's complaints, which is what Irvis appears to be highlighting, that fact does not transform the three alleged incidents into "months of abuse."

4

inappropriate it might have been." (R&R at 11-12, Dkt. No. 62 (relying on, inter alia, *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment ... unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under ... § 1983.") (citations and internal quotation marks omitted)).) Absent any apparent objection to this portion of the R&R, and discerning no error in its conclusion or the findings supporting it, the court adopts Judge Baxter's recommendation to dismiss Irvis's fourth cause of action.

## B.   Grievances and Investigations

Irvis's fifth, tenth, and twelfth causes of action pertain to the grievances and complaints made by Irvis in relation to the alleged harassment and defendants' alleged failure to respond or investigate them. (*See* Compl. at 6, 8-9, Dkt. No. 1.) In objecting to Judge Baxter's recommendation to dismiss these claims, Irvis takes issue with Judge Baxter's finding that the record "indicates that an investigation was [indeed] conducted," (R&R at 13, Dkt. No. 62), and devotes a good deal of his submission highlighting his belief that defendants failed to follow their own

5

grievance procedures with respect to his complaints. (Objections at 20-25, Dkt. No. 64.) These objections miss the point. As Judge Baxter correctly explained, "inmates do not have a constitutional right to grievance procedures," (R&R at 12, Dkt. No. 1 (citing, inter alia, *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003)), and a "violation of the inmate grievance procedures does not give rise to a claim under [§] 1983," (*id.* (citing *Cancel v. Goord*, No. 00 CIV 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001)). Thus, regardless of whether and to what extent defendants followed their grievance procedures in investigating or failing to investigate Irvis's complaints, his claims must fail as a matter of law as they are not actionable under § 1983. Accordingly, the court adopts the portion of the R&R recommending the dismissal of Irvis's fifth, tenth, and twelfth causes of action.

## C.   Mail Tampering and Access to Courts

Irvis's sixth, seventh, eighth, and ninth causes of action allege that his access to the courts was hindered due to the alleged inadequacy of the law library at the Greene County Jail, and because he was not permitted to contact his public defender as much as he would have liked. (*See* Compl. at 7-8, Dkt. No. 1.) And as to his mail tampering claim, Irvis alleges in his

6

thirteenth cause of action that defendants "did something" to his notice of intention related to a claim he filed in the New York Court of Claims. (*See id.* at 9.) Irvis's objections to Judge Baxter's recommendation that these claims be dismissed are far from clear.

However, the court has nonetheless reviewed the relevant portion of the R&R de novo and, for the reasons articulated by Judge Baxter, (*see* R&R at 14-17, Dkt. No. 16), concurs that these claims should be dismissed.

### D.     **Medical Indifference**

Irvis's eleventh cause of action is one for medical indifference and alleges that defendants Doctor Hulbiki and Nurse Juliano were deliberately indifferent to his medical needs because they did not treat him properly. (*See* Compl. at 8, Dkt. No. 1.) More specifically, Irvis challenges defendants' decision to put him on a diet to treat his sleep apnea, alleging that the reduced-calorie diet "starved" him. (*See* Pl. Mem. of Law at 15, Dkt. No. 49.) Irvis further faults defendants for failing to inform him of the side effects of his antidepressant medication. (*See* Compl. at 10-11, Dkt. No. 1.) The court concurs with Judge Baxter that these allegations fail to state a medical indifference claim for which relief may be granted.

As explained in the R&R, even assuming Irvis had a serious medical

7

need, it is clear from the doctor's notes attached to his complaint that he simply disagreed with the defendants about his treatment. (*See* R&R at 21, Dkt. No. 62.) Mere disagreement with prescribed treatment, however, does not give rise to a constitutional violation, *see Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001), and an inmate does not have the right to the treatment of his choice, *see Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Thus, the court concurs with Judge Baxter's conclusion that "the fact that Irvis might have preferred an alternative treatment, or believes that he did not get the medical attention he desired, does not rise to the level of a constitutional violation." (R&R at 22, Dkt. No. 62.) And as to Irvis's allegation that defendants failed to inform him of his antidepressant medication's side effects, the court likewise agrees with Judge Baxter that Irvis is, "at worst, ... alleging negligence in defendants' care," (*id.*), which, as Judge Baxter explained, fails to state a claim under the Eighth Amendment. *See Sonds*, 151 F. Supp. 2d at 312 (explaining that negligence, even to the point of malpractice, does not amount to a constitutional violation). Irvis's objections to these findings and conclusions again take issue with the form of treatment he received and the fact that doctors Hulibiki and Juliano did

not conform that treatment to his preferences. For the reasons just explained, however, such disagreement cannot form the basis of a deliberate indifference claim and his objections lack merit. Accordingly, the court adopts Judge Baxter's recommendation to dismiss Irvis's eleventh cause of action.

## E.     FOIL Request

Irvis's fourteenth cause of action complains of the response (or lack thereof) to a certain Freedom of Information Law (FOIL) request he had made, contending that defendants were "'trying to cover up the [defendants'] misconduct.'" (*See* Compl. at 9, Dkt. No. 1.) Explaining that Irvis "has no property interest in obtaining FOIL documents," *Lawrence v. Antonucci*, No. 04-CV-3565, 2005 WL 643457, at *3 (W.D.N.Y. Mar 16, 2005) (citations and internal quotation marks omitted), and that the "failure to provide the requested [FOIL] documents does not amount to a constitutional violation," *Blount v. Brown*, No. 10-CV-01548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (citation omitted), Judge Baxter correctly concluded that Irvis's FOIL allegation "failed to establish any constitutional violation," (R&R at 23, Dkt. No. 62). Accordingly, the court adopts Judge Baxter's recommendation that Irvis's fourteenth cause of

action be dismissed.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's September 2, 2010 Report-Recommendation (Dkt. No. 62) is **ADOPTED** in its entirety; and it is further

**ORDERED** that state defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that county defendants' motion to dismiss (Dkt. No. 39) is **GRANTED**, and plaintiff's claim be **DISMISSED IN ITS ENTIRETY** as to all defendants; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 4, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge